IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE BEASON, | : | |
| | : | |
| Plaintiff, | : | CASE NO.  4:06-cv-00156-JEG-CFB |
| vs. | : | |
| | : | |
| SCOTT COUNTY JAIL, | : | REPORT AND RECOMMENDATION |
| | : | FOR DISMISSAL |
| Defendant. | : | |

This matter comes before the Court because the Plaintiff was granted a final extension of time until January 15, 2008, to file an Amended Complaint.  No Amended Complaint has been filed.

1.  This case was filed April 4, 2006, and Amended Complaints were filed October 13, 2006, October 17, 2006, December 19, 2006 and December 27, 2006.  After counsel was appointed, the Court set a deadline of  May 14, 2007, to file another Amended Complaint, and extended that deadline to August 15, 2007.   No Defendant has yet been served, pending the Amended Complaint, so the case is over one-and one-half years old without parties properly identified or joined.

2.  Counsel had a difficult time locating Plaintiff while he was on parole. On November 28, 2007, Plaintiff requested an additional extension of time of 45 days to file the Amended Complaint (Clerk's No. 19). This motion was granted on November 29, 2007 (Clerk's No. 21).  The Plaintiff was granted one final extension of time, until January 15, 2008, to file an Amended Complaint.  Plaintiff was advised that no further continuances would be granted, and that failure to file the Amended Complaint by January 15, 2008, would result in dismissal of this action.  Plaintiff was also advised that failure to keep in contact with his counsel or the court may result in dismissal of this action.

IT IS RESPECTFULLY RECOMMENDED, that pursuant to Fed. Rls. Civ. P. 16 and 41(b), this action be dismissed for failure to comply with the Order to file an Amended Complaint, and for failure to prosecute this action.

IT IS ORDERED that the parties have until February 15, 2008, to file written objections, pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D.Mo. 1997). The Court will freely grant such extensions. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 537. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson,* 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 29th day of January, 2008.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE